J. Stephen Simms (*pro hac vice* pending)
Simms Showers LLP
201 International Circle
Baltimore, Maryland 21030
410-783-5795
Fax: 410-510-1789
Email: jssimms@simmsshowers.com

Lead Counsel

Jennifer Tomlin Sanchez  (State Bar No.  191548)
Joshua E. Kirsch  (State Bar No. 179110)
Marisa G. Huber (State Bar No. 254171)
Gibson Robb & Lindh LLP
201 Mission Street, Suite 2700
San Francisco, CA 94105
415-348-6000
Fax: 415-348-6001
Email: efiling@gibsonrobb.com

Local Co-Counsel

Attorneys for Plaintiff CAI RAIL, INC.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAI RAIL, INC.,<br> a Delaware Corporation,<br><br>          Plaintiff,<br>    vs.<br><br><br>SUPERIOR SILICA SANDS LLC,<br> a Texas limited liability company,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No.<br><br><br><br>**COMPLAINT**<br>**FOR BREACH OF CONTRACT** |

**COMPLAINT**

CAI Rail, Inc. ("CAI") hereby brings this Complaint for breach of contract against Superior Silica Sands LLC ("Superior" or "SSS") and states as follows:

## PARTIES

1.     CAI is now and at all times material was a Delaware corporation with its principal place of business in San Francisco.

2.     Superior is now and at all times material was a Texas Limited Liability Company with its principal place of business in Fort Worth, Texas.

## JURISDICTION, VENUE AND GOVERNING  LAW

3.     CAI as Lessor, and Superior as Lessee as of November 7, 2014 entered into a Master Lease and related agreements ("Lease") for railroad cars. The Master Lease, **Exhibit A hereto**, states that Emerge Energy Services LP ("EMES"), a Delaware limited partnership, is also a party to the Lease and that "[e]ach of SSS and EMES shall hereinafter be jointly and severally liable for the obligations of Lessee hereunder, and agree to be bound by any actions or decisions of any of the foregoing required or permitted under this Master Lease." EMES therefore is not a necessary party to this suit.  CAI incorporates **Exhibit A hereto** into this Complaint by reference.

4.     The Master Lease provides as follows for the exclusive venue and jurisdiction of litigation concerning the Lease to be in and with this Court, and that Superior waives any jury trial right:  "(b) the site of any litigation concerning any

**COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

provision of this Master Lease shall be the appropriate state or federal court, located in the City of San Francisco, State of California, as selected by Lessor from time to time. Lessee hereby (i) consents to the exclusive jurisdiction of the state and federal courts therein located and (ii) waives any defense that such jurisdiction is not a convenient forum for litigation of disputes; and (c) . . . WAIVES ANY RIGHT TO TRIAL BY A JURY as to any such litigation."  (emphasis in original).

    5.    Jurisdiction is further proper in this Court because there is diversity jurisdiction pursuant to 28 U.S.C. Section 1332 in that the parties are citizens of and have their principal business places in different states and the amount in controversy exceeds $100,000.

## THE CONTRACT IS VALID AND ENFORCEABLE

    6.    The Master Lease, **Exhibit A hereto**, further provides as follows:

1. LEASE. Lessor hereby leases to Lessee, and Lessee hereby leases from Lessor, the railroad cars (herein referred to collectively as "Cars" and individually as "Car") described in schedules hereto, executed by the parties concurrently herewith or at any time hereafter (herein referred to collectively as "Schedules" and individually as Schedule"). Each Schedule shall incorporate the terms of this Master Lease by reference and shall constitute a separate and distinct lease of the Cars subject thereto. The terms of each Schedule, if and to the extent they are different from the terms set forth herein, shall modify the terms set forth herein as to the Cars subject thereto. Each Schedule is intended to be a lease for federal income tax purposes and no party will take any action inconsistent therewith.

**COMPLAINT**

The Schedules to the Master Lease are **Exhibits B** (November 7, 2014), **C** (February 17, 2016 ) and **D** (January 17, 2019 ) hereto.  CAI incorporates **Exhibits C through D hereto** into this Complaint by reference.

7.     The Lease ( collectively, the Master Lease and Schedules) is signed by all parties and is a valid and enforceable contract.

8.     CAI is as a party to the Lease, a party to bring suit for breach of contract.

9.     CAI duly performed and tendered performance of its contractual obligations.  Specifically, CAI tendered performance by providing rail cars to Superior at or near Superior's facilities in Texas, beginning on the date of the Lease and thereafter.

10.    Superior breached the contract by failing to pay monthly rent for each Car which CAI had provided to Superior under the Lease and to make payment as the Lease provides, despite notice and demand.  Specifically, Superior breached the requirements of the Lease including the following, as set out in the Master Lease, **Exhibit A hereto**:

3. RENT.

(a) Lessee shall pay Lessor monthly rent for each Car as set forth in the applicable Schedule (the "Rent"), in advance on the first day of each full calendar month during the Term, plus pro rata Rent for the portion of the month in which the Date of Arrival occurs (such pro rata Rent shall be paid

**COMPLAINT**

on the first day of the following month, together with the Rent due for that month).

(b) Lessee shall pay Rent, amounts specified herein as "Additional Rent" and other amounts due hereunder to Lessor in U. S. currency, at Lessor's principal office as indicated on the last page of this Master Lease, or to such other address or payee as Lessor may, from time to time, direct in writing. Lessee's obligations to pay Rent, Additional Rent and other amounts due hereunder shall be absolute and unconditional and not subject to any abatement, setoff, counterclaim, defense, recoupment, deduction, reduction or offset of any kind or any reason whatsoever. Rent shall be payable by Lessee without invoicing, notice or demand by Lessor.

(c) Lessee shall pay Lessor, without demand, interest on any overdue installment of Rent, Additional Rent or other amount due to Lessor under this Master Lease or any Schedule from the due date thereof until paid in full, calculated at the rate of 10% per annum or the highest rate permitted by law as compensation for late payment. Any amount payable hereunder upon demand by Lessor shall be overdue if not paid within three days after demand.

11.     The Lease requires Superior as Lessee to pay Rent and other charges to CAI as Lessor.   The Master Lease, **Exhibit A hereto** states in pertinent part that:

If Lessee (i) fails to pay when due any Rent, Additional Rent or other amount required to be paid under any Schedule [of the Lease] and such failure continues for a period of five (5) days . . . then, and in such event, Lessee shall, without further notice, be in default and Lessor may exercise anyone or more of the following remedies: (i) sue for and recover (A) all Rent, Additional Rent and other amounts as they become due, and (at Lessor's election)  . . .  (C) the net present value of all amounts as may thereafter accrue for the balance of the Term (in determining net present value, Lessor shall use a discount rate equal to [the one year Treasury Constant Maturity rate as published in the Selected Interest Rates table of the Federal Reserve statistical release H.15-(5l9) for, at Lessor's election,

**COMPLAINT**

either (A) the week prior to the Delivery Date for the Cars or (B) the week the Lessor declares the Master Lease in default] . . . . .

12.    The Lease (Master Lease, **<u>Exhibit A hereto)</u>** further provides that Lessee Superior shall pay CAI all costs and expenses, including reasonable attorneys' fees and expenses and court costs, which CAI incurs in exercising any of its rights or remedies under the Lease or enforcing any Lease provisions.

13.    The Lease (Master Lease, **<u>Exhibit A hereto)</u>** further provides that Lessee Superior shall pay CAI, without demand, interest on any overdue installment of Rent, Additional Rent or other amount due to CAI under the Lease from the due date thereof until paid in full, calculated at the rate of 10% per annum or the highest rate permitted by law as compensation for late payment.

14.    In the Schedule to the Master Lease dated January 17, 2019 ( **<u>Exhibit D hereto</u>**) CAI as Lessor and Superior as Lessee agreed further in pertinent part that:

> Upon execution of this Agreement, Lessee's obligation to pay the monthly Rent and other charges applicable to each Car is absolute and unconditional, and shall not be subject to any abatement, reduction, set-off, defense, counterclaim, interruption, deferment or recoupment.  Each Rent or other payment made by Lessee hereunder shall be final and Lessee shall not seek to recover all or any part of such payment form Lessor.  The Rent and other sums payable by Lessee hereunder shall be paid without notice or demand and Lessee's commitment to make timely payment for the full Term hereunder for all Cars that have been accepted by Lessee in accordance with Section 4 ("Inspection") of the Master Car Lease Agreement is absolute and unconditional.

**COMPLAINT**

15.     Lessee Superior, however, has failed to make Lease payments due as of January 30, 2019 and afterwards and are in default of the Lease.

16.     CAI has performed all Lease obligations to Lessee Superior except those obligations CAI was prevented or excused from performing.

17.     Lessee Superior has breached its obligations under the Lease to pay CAI.  CAI therefore proceeds here to recover all Lease delinquent amounts due and the net present value of all amounts as may thereafter accrue for the balance of the Term, as defined in the Lease.

18.     As of the date of this Complaint, Lessee Superior owes CAI pursuant to the Lease, and is delinquent upon Rent of at least $173,740.   The net present value of all amounts as may thereafter accrue for the balance of the Term, as defined in the Lease is $2,961,563.  Movement charges and costs of repair are currently estimated $160,000.

19.     Superior's breach caused CAI's injury, for at least the amount which this Complaint demands.

## SUPERIOR'S BREACH OF CONTRACT

20.     CAI repeats and realleges the foregoing paragraphs.

21.     CAI and Superior entered into a contract.

22.     CAI did all, or substantially all, of the significant things that the contract required CAI to do.

**COMPLAINT**

23.     All conditions required by the contract for Superior's performance occurred, namely, that CAI caused the Cars to be delivered to Superior, as the contract provided.

24.     Superior failed to do something that the contract required Superior to do, namely, to pay to CAI Rent on a timely basis as the contract requires it to do;

25.     Superior has harmed CAI because of Superior's failure to timely pay Rent to CAI.

26.     Superior's breach of contract was a substantial factor in causing CAI's's harm.

## **PRAYER FOR RELIEF**

WHEREFORE, CAI prays that the Court:

A.     Enter judgment in CAI's favor and against Superior, Lessee, jointly and severally in the amount of not less than $3,295,303.00, plus pre- and post-judgment interest, rent charges or other amounts that are continuing to accrue, attorneys' fees, costs, expenses, and such other and further relief as allowable by law; and

/

[Continued on Next Page]

/

**COMPLAINT**

B.      Grant CAI further and other proper relief.

Dated:  May 30, 2019

Jennifer Tomlin Sanchez            /s/ J. Stephen Simms
(State Bar No.  191548)            J. Stephen Simms
Joshua E. Kirsch                   (*pro hac vice* pending)
(State Bar No. 179110)             Simms Showers LLP
Marisa G. Huber                    201 International Circle
(State Bar No. 254171)             Suite 250
Gibson Robb & Lindh LLP            Baltimore, MD 21030
201 Mission Street, Suite 2700     410-783-5795
San Francisco, CA 94105            Fax: 410-510-1789
415-348-6000                       Email: jssimms@simmsshowers.com
Fax: 415-348-6001
Email: efiling@gibsonrobb.com      CAI Lead Counsel

CAI Local Co-Counsel

**COMPLAINT**